Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile:  (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO
DEBTORS AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.,** *et. al.* | § | **Case No.: 17-44642** |
| | § | |
| Debtors. | § | **(Joint Administration Requested)** |
| | § | |

**NOTICE OF REVISED PROPOSED ORDERS
[Relates to Docket Nos. 6, 7, and 13]**

Preferred Care Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**")[1] hereby file this *Notice of Revised Proposed Orders* regarding the proposed orders filed in connection with the following first-day motions:

(i)    *Motion for Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Schedules Extension Motion**") [Docket No. 6];

(ii)   *Motion for Administrative Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Procedures Motion**")[Docket No. 7]; and

(iii)  *Motion (a) To Authorize Certain Procedures to Maintain the Confidentiality of Resident Information, (b) For Authority to File Under Seal Separate Matrix and Schedule F Containing Resident Information, (c) To Modify Notice to Residents,*

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto.

**NOTICE OF REVISED ORDER**

*and (d) For Relief From Required Form of Mailing Matrix with Regard to Separate Matrix* (the "**Resident Confidentiality Motion**") [Docket No. 13].

**PLEASE TAKE NOTICE** that the revised proposed orders (and redlines against the filed version of each) are attached hereto as **Exhibits A through C**, respectively.

DATED: November 14, 2017                    Respectfully submitted by:


                                        */s/ Stephen A. McCartin*
                                        Stephen A. McCartin (TX 13374700)
                                        Mark C. Moore (TX 24074751)
                                        **GARDERE WYNNE SEWELL LLP**
                                        2021 McKinney Avenue, Suite 1600
                                        Dallas, TX 75201
                                        Telephone: (214) 999-3000
                                        Facsimile:  (214) 999-4667
                                        smccartin@gardere.com
                                        mmoore@gardere.com

                                        **PROPOSED COUNSEL TO**
                                        **DEBTORS AND DEBTORS-IN-POSSESSION**


## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2017, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.


                                        */s/ Mark C. Moore*
                                        Mark C. Moore

**Debtors**

| Debtor | Last Four Digits of Federal Tax I.D. No. |
|---|---|
| Preferred Care Inc. | 7040 |
| **Kentucky LP Debtors** | |
| Bowling Green Health Facilities, L.P. | 5787 |
| Brandenburg Health Facilities, L.P. | 6699 |
| Cadiz Health Facilities, L.P. | 7640 |
| Campbellsville Health Facilities, L.P. | 4207 |
| Elizabethtown Health Facilities, L.P. | 6127 |
| Elsmere Health Facilities, L.P. | 7843 |
| Fordsville Health Facilities, L.P. | 3299 |
| Franklin Health Facilities, L.P. | 7307 |
| Hardinsburg Health Facilities, L.P. | 3640 |
| Henderson Health Facilities, L.P. | 8067 |
| Irvine Health Facilities, L.P. | 7418 |
| Morganfield Health Facilities, L.P. | 8320 |
| Owensboro Health Facilities, L.P. | 8145 |
| Paducah Health Facilities, L.P. | 3350 |
| Pembroke Health Facilities, L.P. | 8209 |
| Richmond Health Facilities - Kenwood, L.P. | 8235 |
| Richmond Health Facilities - Madison, L.P. | 8216 |
| Salyersville Health Facilities, L.P. | 8263 |
| Somerset Health Facilities, L.P. | 8739 |
| Springfield Health Facilities, L.P. | 8310 |

| | |
|---|---|
| Stanton Health Facilities, L.P. | 8704 |
| **New Mexico LP Debtors** | |
| Artesia Health Facilities, L.P. | 5383 |
| Bloomfield Health Facilities, L.P. | 7640 |
| Clayton Health Facilities, L.P. | 3609 |
| Desert Springs Health Facilities, L.P. | 2707 |
| Espanola Health Facilities, L.P. | 2102 |
| Gallup Health Facilities, L.P. | 2562 |
| Lordsburg Health Facilities, L.P. | 1449 |
| Pinnacle Health Facilities XXXIII, L.P. | 1389 |
| Raton Health Facilities, L.P. | 6759 |
| SF Health Facilities, L.P. | 2323 |
| SF Health Facilities-Casa Real, L.P. | 0716 |
| Silver City Health Facilities, L.P. | 6972 |

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.**, *et. al.* | § | **Case No.: 17-44642** |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |
| | § | |

**ORDER GRANTING MOTION FOR ORDER EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

Pending before the Court is the *Motion for Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Schedules Motion**")[1], filed by Preferred Care Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed the above-captioned chapter 11 bankruptcy case (the "**Bankruptcy Case**")

---

[1] Capitalized terms not otherwise defined herein have the definition ascribed in the Schedules Motion.

**PAGE 1**

Having reviewed the Schedules Motion, the *Declaration of Alan Weiner in Support of First-Day Motions*, and all matters brought to the Court's attention at the hearing on November 15, 2017, and after due deliberation and consideration, the Court finds that notice was appropriate under the circumstances, and no further notice is necessary, and that cause exists to grant the relief requested in the Schedules Motion to the extent set forth below. Therefore, it is hereby **ORDERED** that:

1.      The Schedules Motion is granted to the extent provided herein.

2.      Pursuant to Federal Rules of Bankruptcy Procedure 1007(c) and 9006, the Debtors are granted an additional thirty-eight (33) calendar days (for a total of fifty-three (53) calendar days from the Petition Date) to file the Schedules and Statements.

3.      This order is without prejudice to the Debtors' right to seek an additional extension at a later date, and the Debtors and Office of the United States Trustee may agree to extend the deadline set forth herein without further order of the Court.

4.      The deadline for the Debtors to file their Schedules and Statements is **January 5, 2018**.

### ###END OF ORDER###

Respectfully submitted by:

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO
DEBTORS AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.,** *et. al.* | § | **Case No.: 17-44642** |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |
| | § | |

**ORDER GRANTING MOTION FOR ORDER EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

Pending before the Court is the *Motion for Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Schedules Motion**")[1], filed by Preferred Care Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed the above-captioned chapter 11 bankruptcy case

---

[1] Capitalized terms not otherwise defined herein have the definition ascribed in the Schedules Motion.

(the "**Bankruptcy Case**")

Having reviewed the Schedules Motion, the *Declaration of Alan Weiner in Support of First-Day Motions*, and all matters brought to the Court's attention at the hearing on November 15, 2017, and after due deliberation and consideration, the Court finds that notice was appropriate under the circumstances, and no further notice is necessary, and that cause exists to grant the relief requested in the Schedules Motion to the extent set forth below. Therefore, it is hereby **ORDERED** that:

1.      The Schedules Motion is granted to the extent provided herein.

2.      Pursuant to Federal Rules of Bankruptcy Procedure 1007(c) and 9006, the Debtors are granted an additional ~~twenty two~~thirty-eight (~~22~~33) calendar days (for a total of ~~thirty seven~~fifty-three (~~37~~53) calendar days from the Petition Date) to file the Schedules and Statements.

3.      This order is without prejudice to the Debtors' right to seek an additional extension at a later date, and the Debtors and Office of the United States Trustee may agree to extend the deadline set forth herein without further order of the Court.

4.      The deadline for the Debtors to file their Schedules and Statements is ~~December 20~~January 5, ~~2017~~2018.

### ###END OF ORDER###

Respectfully submitted by:

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO**
**DEBTORS AND DEBTORS-IN-POSSESSION**

| Summary Report:<br>Litéra® Change-Pro TDC 7.0.0.375 Document Comparison done on<br>11/14/2017 5:31:36 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original DMS:** iw://gdocswsa/Gardere01/9932473/3 | |
| **Modified DMS:** iw://gdocswsa/Gardere01/9932473/4 | |
| **Changes:** | |
| Add | 7 |
| Delete | 10 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 17 |

# **Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.,** *et. al.* | § | **Case No.: 17-44642** |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |
| | § | |

**ORDER GRANTING MOTION FOR ADMINISTRATIVE ORDER UNDER**
**BANKRUPTCY CODE SECTIONS 105(A) AND 331**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This matter having come before this court on the *Motion for Administrative Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Motion**") [1] filed by Preferred Care Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above captioned chapter 11 cases (the "**Chapter 11 cases**").

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

**PAGE 1**

Having reviewed the Motion, and it appearing that this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided to (i) the Office of the United States Trustee for the Northern District of Texas (the **"U.S. Trustee"**); (ii) each of the Debtors' secured lenders; (iii) counsel to the agents of each of the Debtors' secured lenders; (iv) the thirty (30) largest unsecured creditors of these bankruptcy estates (on a consolidated basis); (v) the Internal Revenue Service; and (vi) all parties in interest who have formally appeared and requested notice; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and the creditors thereof, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted as set forth herein.

2. Except as otherwise provided in an order of the Court authorizing the retention of a Professional, the Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

3. The Professionals shall present a detailed statement of services rendered and expenses incurred by each Professional for the prior month (a "**Monthly Statement**") to the following "**Notice Parties**":

    a. counsel for the Debtors;

    b. counsel for the Committee (if any);

    c. the Office of the United States Trustee for the Northern District of Texas;

and,

    d.        counsel for Wells Fargo Bank, N.A.

4.        If no objection is timely made to a Monthly Statement, the Professional would be entitled to an interim payment (an "**Interim Compensation Payment**"), subject to this Court's subsequent approval under § 331 of the Code, as described below.

5.        To the extent that any of the Professionals are holding retainers provided by the Debtors or the estates, such retainers may be drawn down by the Professionals pursuant to further order of the Court including the DIP Orders (defined below).

6.        On or before the twentieth (20th) day of each month following the month for which compensation and reimbursement of expenses is sought, each Professional shall submit (via first-class mail or email) to the Notice Parties a Monthly Statement that contains (i) a description of the services rendered, (ii) the time spent, (iii) the hourly rates charged, and (iv) the name of the attorney, accountant, other professional or paraprofessional performing the work to the Notice Parties. The Monthly Statement need not be filed with this Court.

7.        Each such recipient shall have until fourteen (14) days following service of the Monthly Statement to evaluate and object to the Monthly Statement (the "**Objection Deadline**"). Except as to that portion of a Monthly Statement that is the subject of a Notice of Objection as provided in paragraph (8) below, within three (3) business days following the Objection Deadline, the Debtors shall pay and/or the Professional may draw down on its retainer, if any, an amount equal to 80% of all fees and 100% of all expenses set forth in the Monthly Statement. Notwithstanding anything to the contrary in this Order, for all payments authorized by, and any authorizations contained in, this Order, all Professionals to which this Order applies shall first be paid through retainers held by such Professional, if any.

8.     If any of the Notice Parties determines that the compensation or reimbursement sought in a particular Monthly Statement is inappropriate or unreasonable, or that the numbers and calculations are incorrect, such Notice Party shall, on or before the Objection Deadline, file with this Court and serve on (i) the Professional whose Monthly Statement is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a Notice of Objection to the Monthly Statement (the "**Notice of Objection**") setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional whose statement is objected to shall confer and attempt to reach an agreement regarding the correct payment to be made. If an agreement cannot be reached, or if no conference takes place, the Professional whose Monthly Statement is the subject of an objection shall have the option of (i) filing a motion with the Court outlining the basis for the objection and seeking an interim ruling from the Court and requesting authorization for payment, or (ii) foregoing payment with respect to the disputed amount until the next fee application hearing, at which time, this Court shall consider and dispose of the objection if payment of the disputed amount is requested. Within three (3) business days following entry of an Order resolving an objection to a Monthly Statement, the Debtors shall pay any outstanding portion of the fees and expenses authorized for payment by such Order.

9.     The first Monthly Statement shall be submitted by each of the Professionals to the Notice Parties by **January 20, 2018**, and shall cover the period from the Petition Date through **December 31, 2017**.

10.    Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Notice Parties, on or before the last day of the month following the end of the period for which compensation is sought, an application for interim Court approval and

**PAGE 4**

allowance, pursuant to Bankruptcy Code § 331, of compensation and reimbursement of expenses incurred during the prior four months (an "**Interim Fee Application**").  The first such Interim Fee Application shall be filed by each Professional on or before **March 20, 2018**, and shall cover the period from the Petition Date through **February 28, 2018**.

11.    In each Interim Fee Application and final fee application, all attorneys (collectively, the "**Attorneys**") who have been or are hereafter retained pursuant to sections 327, 363 or 1103 of the Bankruptcy Code shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court, and (ii) shall make commercially reasonable best efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

12.    The existence of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

13.    Neither the payment of nor the failure to object, in whole or in part, to the payment of Interim Compensation Payments as provided herein shall bind any party in interest or the Court with respect to the allowance of formal fee applications for compensation and reimbursement of expenses as to any such Professionals.

14.    The amount of fees and expenses sought in any request for compensation and

reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee application).

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. To the extent necessary, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm. To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

18. Notwithstanding anything to the contrary in this Order, payments authorized by, and any authorizations contained in, this Order are subject to the terms, conditions, limitations, and requirements of the financing orders entered in the above-enumerated cases (together with any approved budgets in connection therewith, the "**DIP Orders**") involving Wells Fargo Bank, National Association, as administrative agent under the proposed debtor-in-possession financing facility and/or any orders granting authority for the Debtors to use cash collateral.

19. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation and/or enforcement of this order.

###END OF ORDER###

Respectfully submitted by:

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO**
**DEBTORS AND DEBTORS-IN-POSSESSION**

**PAGE 7**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.,** *et. al.* | § | **Case No.: 17-44642** |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |
| | § | |

**ORDER GRANTING MOTION FOR ADMINISTRATIVE ORDER UNDER
BANKRUPTCY CODE SECTIONS 105(A) AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This matter having come before this court on the *Motion for Administrative Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Motion**") [1] filed by

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

Preferred Care Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in the above captioned chapter 11 cases (the "**Chapter 11 cases**").

Having reviewed the Motion, and it appearing that this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided to (i) the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**"); (ii) each of the Debtors' secured lenders; (iii) counsel to the agents of each of the Debtors' secured lenders; (iv) the thirty (30) largest unsecured creditors of these bankruptcy estates (on a consolidated basis); (v) the Internal Revenue Service; and (vi) all parties in interest who have formally appeared and requested notice; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and the creditors thereof, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.      The Motion is granted as set forth herein.

2.      Except as otherwise provided in an order of the Court authorizing the retention of a Professional, the Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

3.      The Professionals shall present a detailed statement of services rendered and

expenses incurred by each Professional for the prior month (a "**Monthly Statement**") to the following "**Notice Parties**":

    a.    counsel for the Debtors;

    b.    counsel for the Committee (if any);

    c.    the Office of the United States Trustee for the Northern District of Texas; and,

    d.    counsel for Wells Fargo Bank, N.A.

4.    If no objection is timely made to a Monthly Statement, the Professional would be entitled to an interim payment (an "**Interim Compensation Payment**"), subject to this Court's subsequent approval under § 331 of the Code, as described below.

5.    To the extent that any of the Professionals are holding retainers provided by the Debtors or the estates, such retainers may be drawn down by the Professionals pursuant to further order of the Court including the DIP Orders (defined below).

6.    On or before the twentieth (20th) day of each month following the month for which compensation and reimbursement of expenses is sought, each Professional shall submit (via first-class mail or email) to the Notice Parties a Monthly Statement that contains (i) a description of the services rendered, (ii) the time spent, (iii) the hourly rates charged, and (iv) the name of the attorney, accountant, other professional or paraprofessional performing the work to the Notice Parties.  The Monthly Statement need not be filed with this Court.

7.    Each such recipient shall have until fourteen (14) days following service of the Monthly Statement to evaluate and object to the Monthly Statement (the "**Objection Deadline**").  Except as to that portion of a Monthly Statement that is the subject of a Notice of Objection as provided in paragraph (8) below, within three (3) business days following the Objection Deadline, the Debtors shall pay and/or the Professional may draw down on its

retainer, if any, an amount equal to 80% of all fees and 100% of all expenses set forth in the Monthly Statement. Notwithstanding anything to the contrary in this Order, for all payments authorized by, and any authorizations contained in, this Order, all Professionals to which this Order applies shall first be paid through retainers held by such Professional, if any.

8.      If any of the Notice Parties determines that the compensation or reimbursement sought in a particular Monthly Statement is inappropriate or unreasonable, or that the numbers and calculations are incorrect, such Notice Party shall, on or before the Objection Deadline, file with this Court and serve on (i) the Professional whose Monthly Statement is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a Notice of Objection to the Monthly Statement (the "**Notice of Objection**") setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional whose statement is objected to shall confer and attempt to reach an agreement regarding the correct payment to be made. If an agreement cannot be reached, or if no conference takes place, the Professional whose Monthly Statement is the subject of an objection shall have the option of (i) filing a motion with the Court outlining the basis for the objection and seeking an interim ruling from the Court and requesting authorization for payment, or (ii) foregoing payment with respect to the disputed amount until the next fee application hearing, at which time, this Court shall consider and dispose of the objection if payment of the disputed amount is requested.  Within three (3) business days following entry of an Order resolving an objection to a Monthly Statement, the Debtors shall pay any outstanding portion of the fees and expenses authorized for payment by such Order.

9.      The first Monthly Statement shall be submitted by each of the Professionals to the Notice Parties by **January 20, ~~2017~~2018**, and shall cover the period from the Petition

**PAGE** 4

Date through **December 31, 2017**.

10. Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Notice Parties, on or before the last day of the month following the end of the period for which compensation is sought, an application for interim Court approval and allowance, pursuant to Bankruptcy Code § 331, of compensation and reimbursement of expenses incurred during the prior four months (an "**Interim Fee Application**"). The first such Interim Fee Application shall be filed by each Professional on or before **March 20, ~~2017~~2018**, and shall cover the period from the Petition Date through **February 28, ~~2017~~2018**.

11. In each Interim Fee Application and final fee application, all attorneys (collectively, the "**Attorneys**") who have been or are hereafter retained pursuant to sections 327, 363 or 1103 of the Bankruptcy Code shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court, and (ii) shall make commercially reasonable best efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

12. The existence of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

13.     Neither the payment of nor the failure to object, in whole or in part, to the payment of Interim Compensation Payments as provided herein shall bind any party in interest or the Court with respect to the allowance of formal fee applications for compensation and reimbursement of expenses as to any such Professionals.

14.     The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee application).

15.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     To the extent necessary, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.  To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

18.     Notwithstanding anything to the contrary in this Order, payments authorized by, and any authorizations contained in, this Order are subject to the terms, conditions, limitations, and requirements of the financing orders entered in the above-enumerated cases (together with any approved budgets in connection therewith, the "**DIP Orders**") involving Wells Fargo Bank, National Association, as administrative agent under the proposed debtor-in-possession financing facility and/or any orders granting authority for the Debtors to use cash collateral.

19.     This Court shall retain exclusive jurisdiction to hear and determine all matters

arising from or related to the implementation and/or enforcement of this order.

### ###END OF ORDER###

Respectfully submitted by:

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO**
**DEBTORS AND DEBTORS-IN-POSSESSION**

| Summary Report:<br>**Litéra® Change-Pro TDC 7.0.0.375 Document Comparison done on<br>11/14/2017 5:33:15 PM** | |
| --- | --- |
| **Style Name:** Default Style | |
| **Original DMS:** iw://gdocswsa/Gardere01/9932565/5 | |
| **Modified DMS:** iw://gdocswsa/Gardere01/9932565/6 | |
| **Changes:** | |
| Add | 5 |
| Delete | 6 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 11 |

# **Exhibit C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.,** *et. al.* | § | **Case No.: 17- 44642** |
| | § | |
| Debtors. | § | **(Joint Administration Requested)** |
| | § | |

**ORDER GRANTING MOTION OF THE DEBTORS (A) TO AUTHORIZE
CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT
INFORMATION, (B) FOR AUTHORITY TO FILE UNDER SEAL SEPARATE MATRIX
AND SCHEDULE F CONTAINING PATIENT INFORMATION, (C) TO MODIFY
NOTICE TO PATIENTS, AND (D) FOR RELIEF FROM REQUIRED FORM OF
MAILING MATRIX WITH REGARD TO SEPARATE MATRIX**

This matter having come before this Court on the *Motion of the Debtors (A) To Authorize*

*Certain Procedures to Maintain the Confidentiality of Patient Information, (B) For Authority to*

*File Under Seal Separate Matrix and Schedule F Containing Patient Information, (C) To Modify*

*Notice to Patients, and (D) For Relief From Required Form of Mailing Matrix with Regard to*

*Separate Matrix* (the "**Motion**")[1] filed by Preferred Care Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**").

Having reviewed the Motion and all matters brought to the Court's attention at the hearing on the Motion, and after due deliberation and consideration, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, the Court finds that notice was appropriate under the circumstances, and no further notice is necessary, and that cause exists to grant the relief requested in the Motion to the extent set forth below. Therefore, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED** as set forth below.

2.      The Debtors are authorized to file the Resident Matrix and each separate Supplemental Schedule F under seal of the Court.

3.      The Clerk of the Court shall accept the Resident Matrix and each separate Supplemental Schedule F for filing and shall file the Resident Matrix and each Supplemental Schedule F under seal.

4.      The Debtors shall omit any reference to its current or former patients from the publicly filed matrix of creditors and any certificate of service not filed under seal.

5.      The Debtors shall make an unredacted copy of the Schedules and Statements available to (a) the Court and to the United States Trustee upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so.

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

6. The Debtors shall maintain the Resident Matrix and shall make the Resident Matrix, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so.

7. The Resident Matrix and each separate Supplemental Schedule F shall be kept confidential indefinitely.

8. The Debtors are not required to file the Resident Matrix in the format required by the Local Rules. The Resident Matrix may be submitted in a format that can be readily created from the Debtors' existing records.

9. The Debtors shall send notice of these bankruptcy cases to the Residents by transmitting to each Resident, in writing, a copy of the *Notice of Commencement of Chapter 11 Bankruptcy Filing* substantially in the form attached to the Motion as Exhibit B. Such notice shall constitute effective, adequate, and sufficient notice to all Resident of the filing of these Chapter 11 Cases and of the deadline to file proofs of claim therein. No other notice and/or pleadings shall be required to be given to the Residents in these Chapter 11 Cases unless (a) otherwise required by law (by way of example but not limitation, laws pertaining to the transfer of patient medical records) or (b) any such Resident requests further notices and/or pleadings or timely files a proof of claim; provided however, that the Debtors shall give notice to the Residents as required by Federal Rules of Bankruptcy Procedure 2002(b), 3017(a), and/or 3017(d).

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

###END OF ORDER###

Respectfully submitted by:

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO
DEBTORS AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **PREFERRED CARE INC.,** *et. al.* | § | **Case No.: 17- 44642** |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |
| | § | |

**ORDER GRANTING MOTION OF THE DEBTORS (A) TO AUTHORIZE
CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT
INFORMATION, (B) FOR AUTHORITY TO FILE UNDER SEAL SEPARATE
MATRIX
AND SCHEDULE F CONTAINING PATIENT INFORMATION, (C) TO MODIFY
NOTICE TO PATIENTS, AND (D) FOR RELIEF FROM REQUIRED FORM OF
<u>MAILING MATRIX WITH REGARD TO SEPARATE MATRIX</u>**

This matter having come before this Court on the *Motion of the Debtors (A) To*

*Authorize Certain Procedures to Maintain the Confidentiality of Patient Information, (B) For*

*Authority to File Under Seal Separate Matrix and Schedule F Containing Patient Information,*

*(C) To Modify Notice to Patients, and (D) For Relief From Required Form of Mailing Matrix with Regard to Separate Matrix* (the "**Motion**")[1] filed by Preferred Care Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**").

Having reviewed the Motion and all matters brought to the Court's attention at the hearing on the Motion, and after due deliberation and consideration, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, the Court finds that notice was appropriate under the circumstances, and no further notice is necessary, and that cause exists to grant the relief requested in the Motion to the extent set forth below. Therefore, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED** as set forth below.

2.      The Debtors are authorized to file the Resident Matrix and each separate Supplemental Schedule F under seal of the Court.

3.      The Clerk of the Court shall accept the Resident Matrix and each separate Supplemental Schedule F for filing and shall file the Resident Matrix and each Supplemental Schedule F under seal.

4.      The Debtors shall omit any reference to its current or former patients from the publicly filed matrix of creditors and any certificate of service not filed under seal.

5.      The Debtors shall make an unredacted copy of the Schedules and Statements

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

available to (a) the Court and to the United States Trustee upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so.

6. The Debtors shall maintain the Resident Matrix and shall make the Resident Matrix, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so.

7. The Resident Matrix and each separate Supplemental Schedule F shall be kept confidential indefinitely.

8. The Debtors are not required to file the Resident Matrix in the format required by the Local Rules. The Resident Matrix may be submitted in a format that can be readily created from the Debtors' existing records.

9. The Debtors shall send notice of these bankruptcy cases to the Residents by transmitting to each Resident, in writing, a copy of the *Notice of Commencement of Chapter 11 Bankruptcy Filing* substantially in the form attached to the Motion as Exhibit B. Such notice shall constitute effective, adequate, and sufficient notice to all Resident of the filing of these Chapter 11 Cases and of the deadline to file proofs of claim therein. No other notice and/or pleadings shall be required to be given to the Residents in these Chapter 11 Cases unless (a) otherwise required by law (by way of example but not limitation, laws pertaining to the transfer of patient medical records) or (b) any such Resident requests further notices and/or pleadings or timely files a proof of claim; provided however, that the Debtors shall give notice to the Residents as required by Federal Rules of Bankruptcy Procedure 2002(b), 3017(a), and/or 3017(d).

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

**###END OF ORDER###**

Gardere01 - 9934969

Respectfully submitted by:

*/s/ Stephen A. McCartin*
Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@gardere.com
mmoore@gardere.com

**PROPOSED COUNSEL TO**
**DEBTORS AND DEBTORS-IN-POSSESSION**

| Summary Report: Litéra® Change-Pro TDC 7.0.0.375 Document Comparison done on 11/14/2017 6:00:40 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original DMS:** iw://gdocswsa/Gardere01/9934969/4 | |
| **Modified DMS:** iw://gdocswsa/Gardere01/9934969/5 | |
| **Changes:** | |
| Add | 1 |
| Delete | 0 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 1 |