Jason S. Brookner
Texas Bar No. 24033684
Lydia R. Webb
Texas Bar No. 24083758
**GRAY REED & McGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:     (214) 953-1332
Email:  jbrookner@grayreed.com
            lwebb@grayreed.com

**COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PREFERRED CARE, INC., *et al.*, | § | Case No. 17-44642-MXM-11 |
| | § | |
| Debtors. | § | Jointly Administered |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (I) OBJECTION TO
DEBTORS' EX PARTE MOTION TO INCREASE PAGE LIMIT
AND (II) REQUEST FOR CONTINUANCE**

The Official Committee of Unsecured Creditors (the "Committee") of Preferred Care, Inc., *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for its (I) Objection to Debtors' Ex Parte Motion to Increase the Page Limit on Debtors' Brief In Support of the Motion to Approve Scott Settlement Agreement [Docket No. 832] (the "Motion") and (II) Request for Continuance, respectfully represents at follows:

1.      The Motion appears to be a case of "ready, fire, aim" which, if granted, will prejudice the Committee and all other parties in interest in the case, contrary to the statements in the Motion.

2. On May 18, 2018, almost two months ago, the Debtors filed their *Motion to Approve Scott Settlement Agreement* [Docket No. 702] (the "Settlement Motion"), which contained little, if any, analysis of the insider claims sought to be settled. Those claims include avoidance actions, derivative suits and equitable remedies such as piercing the veil. The hearing on the Settlement Motion was set for July 23, two months after the filing, purportedly to allow parties time to review the proposed settlement and become comfortable with the Debtors' alleged analysis.

3. During the intervening period, the Committee has been diligently working on a way to consensually resolve the Settlement Motion as well as these chapter 11 cases as a whole, and will be attending a global mediation with the Debtors, Tom Scott, the management company debtors in Case No. 17-44741, and those debtors' successors, on July 17, and 18, 2018.

4. However, the Debtors have not filed any substantive analysis of the claims to be settled pursuant to the Settlement Motion even though the hearing is just 12 calendar days (seven business days) away, and a 60-page filing (indeed, any filing) at this late date will provide *no* parties with *any time* to meaningfully evaluate the alleged analyses that have been performed. If the Debtors had truly performed an analysis showing that the insider estate claims to be released in the Settlement Motion lacked merit, then why was that analysis not put forth, front and center, when the Settlement Motion was filed, as it should have been and as one would have expected? The answer is clear: either because (i) the Debtors did not really perform an analysis at the time and have been forced to manufacture one consistent with the Settlement Motion after the fact, knowing that the Committee is preparing to litigate the matter if there is no settlement at mediation, or (ii) the Debtors are engaged in gamesmanship, in an attempt to prevent the

Committee and other parties in interest from having any real opportunity to fully vet (or even partially vet) the Debtors' assumptions and determinations. Either way, allowing the Debtors, at the last minute, to file a 60-page brief with mediation on the immediate horizon, with a hearing 12 calendar days away (just four calendar days after mediation), and with literally no time for anyone to take discovery and examine and evaluate the analysis, is a miscarriage of justice and is highly inequitable and prejudicial.

5. The claims against Tom Scott and other insiders are the key potential sources of available funds for general unsecured creditors in these cases. As an insider, conflicted, non-disinterested settlement, the Court cannot and should not give short shrift to the process, nor should the Court allow the Debtors to attempt to jam through a settlement that is far from arms' length – but that is exactly what will happen if the Court grants the Motion.

6. Instead, one of two thing should happen here. Either the Court should deny the Motion, and should further require the Debtors to stand on the Settlement Motion as filed, subject to the presentation of evidence at the hearing on July 23, or the Court should continue the July 23 hearing to give the Committee and other parties a realistic attempt to conduct discovery into whatever the Court allows the Debtors to file in support of the Settlement Motion.[1]

7. Settling claims against insiders – and in particular, claims against the Debtors' ultimate owner and decision-maker, the man who effectively controls Debtors' counsel and to whom Debtors' counsel must answer – in a vacuum, when no complaints or other adversarial

---

[1] The Motion is also procedurally improper under the Local Rules as currently presented. The only place the Local Rules reference anything being "ex parte" is in the Complex Case Procedures at section IV, which states that for matters which a party believes require consideration on less than the regular notice period, a regular motion for relief is required plus "a separate, written motion for expedited hearing" and that such separate motion for expedited hearing may be presented ex parte to the Court at a regular docket call.

proceedings have actually been filed of record, is not a small matter and should not be taken lightly (which again begs the question as to why this 60-page analysis was not filed in a timely fashion, at the outset). Indeed, both in general and specifically in the context of this case, the proposed settlement is highly significant and all parties in interest should have more than (at most) 12 days to analyze the Debtors' rationale. The Court should ensure that this matter is vetted as fulsomely as possible before it conducts a hearing and issues a ruling. Thus, if the Court is inclined to allow a filing, a continuance should be granted as a matter of course.

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Motion and preclude the Debtors from making any filing in support of the Settlement Motion at this time outlining the alleged "analysis" that should have been filed with the Settlement Motion or, in the alternative (ii) continue the hearing on the Settlement Motion until such time as appropriate discovery can be conducted into the matters raised in any filing permitted by the Court and (iii) grant such other and further relief as may be just and proper.

Respectfully submitted this 11th day of July, 2018.

**GRAY REED & McGRAW LLP**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:   (214) 954-4135
Facsimile:    (214) 953-1332
Email:        jbrookner@grayreed.com
                lwebb@grayreed.com

**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 11th day of July, 2018, he caused a true and correct copy of the foregoing Motion to be served via the Court's CM/ECF notification system, and via email on counsel to the Debtors and counsel to Tom Scott.

                                      */s/ Jason S. Brookner*
                                      Jason S. Brookner